**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIGRAN HOVHANNISYAN, | No. 11-71404 |
| Petitioner, | Agency No. A095-308-867 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Tigran Hovhannisyan, a native and citizen of Armenia, petitions for review

of the Board of Immigration Appeals' ("BIA") April 29, 2011 order reaffirming its

July 22, 2004 order dismissing Hovhannisyan's appeal from an immigration

judge's decision denying his application for asylum and withholding of removal.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's decision that a petitioner has not established eligibility for asylum or withholding of removal. *Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Hovhannisyan failed to establish the harm he suffered or fears is on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (noting that, to reverse a BIA decision under the substantial evidence standard of review, "we must find that the evidence not only *supports* . . . but *compels*" a contrary conclusion) (emphasis in original). Contrary to his contention, the evidence does not compel the conclusion that Hovhannisyan's actions "were directed toward a governing institution, . . . [and not] only against individuals whose corruption was aberrational." *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir. 2000); *cf. Baghdasaryan v. Holder*, 592 F.3d 1018, 1024 (9th Cir. 2010) (petitioner exposed systemic government corruption). Accordingly, Hovhannisyan's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

We lack jurisdiction to review Hovhannisyan's humanitarian asylum claim, because he did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

We also lack jurisdiction to review the agency's denial of CAT relief, because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003). Finally, we lack jurisdiction to review Hovhannisyan's contention that the agency violated his due process rights by denying his CAT claim and his subsequent motion to reopen. *See id.*

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**